**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **JUAN CARLOS MELENDEZ,** | ) | **CASE NO. 4:16 CV 1534** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **STEVE MERLAK, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Juan Carlos Melendez is an inmate in the Federal Correctional Institution in Elkton, Ohio. He was convicted, pursuant to a guilty plea, in the United States District Court for the District of Connecticut of one count of child pornography in violation of 18 U.S.C. §2252(a)(2) and was sentenced to 168 months' imprisonment. *See United States v. Melendez*, Case No. 3: 11 CR 252 (D. Ct.).

Petitioner has filed this action for a writ of habeas corpus pursuant to 28 U.S.C. §2241, contending the Bureau of Prisons is arbitrarily treating his conviction as a "crime of violence" under 18 U.S.C. §16 and is denying him privileges such as access to email, the ability to work at Uni-Core Industries, and to be transferred to a lower security prison. (Doc. No. 1 at 2.) He contends §16 is functionally equivalent to a residual clause contained in a portion of the Armed Career Criminal Act that the Supreme Court held unconstitutional in *Johnson v. United States*,

__ U.S. __, 135 S.Ct. 2551 (2015).[1] Relying on *Johnson*, petitioner seeks an order requiring the Bureau of Prisons to "strike all references to a crime of violence from his central inmate file" and to cease and desist "from applying [a]ny punishment derived from 18 U.S.C. §16" to him. (Doc. No. 1 at 16.)

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §2243. "Under this provision the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.*

This petition must be dismissed pursuant to §2243 because petitioner is not entitled to relief by way of §2241. To the extent petitioner is challenging an actual sentence imposed on him under 18 U.S.C. §16, he must assert such claim in the sentencing court pursuant to 28 U.S.C. §2255. As a general matter, 28 U.S.C. §§2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the primary avenue for relief for federal prisoners to challenge their conviction or sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.

---

[1] *Johnson* held that the residual clause contained in 18 U.S.C. § 924(e)(2)(B) is void for vagueness and that imposing an enhanced sentence under the residual clause violates due process.

2001). Thus, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under §2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Moreover, the Supreme Court has recently made clear that *Johnson* constitutes a new substantive rule of law having retroactive effect for purposes of challenging a sentence under §2255. *See Welch v. U.S.*, __ U.S. __, 136 S.Ct. 1257 (2016). Accordingly, any claim by petitioner that a sentence imposed on him under 18 U.S.C. §16 is unconstitutional under *Johnson* is not cognizable in a §2241 petition.

Additionally, to the extent petitioner is not challenging an actual sentence imposed on him, but is challenging the Bureau of Prison's treatment of him, including in terms of his access to email and his right to work at Uni-Core Industries and to be transferred to a lower security prison, he is also not entitled to habeas relief under §2241. Habeas corpus is not the appropriate vehicle for a prisoner to challenge the conditions of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). If a federal prisoner seeks relief regarding the conditions of his confinement, he must file a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Luedtke*, 704 F.3d at 466. To do so, the petitioner must file a complaint in new case and either pay the $400 filing fee, or an application to proceed in forma pauperis in accordance with 28 U.S.C. §1915.

## Conclusion

For the reasons stated above, the habeas petition in this matter is denied and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                           s/ *Dan Aaron Polster*         6/30/2016
                                                 DAN AARON POLSTER
                                                 UNITED STATES DISTRICT JUDGE